NEW-YORK,
May, 1809.

Rosekrans
v.
Van Antwerp.

~ *Esp. Cas.* 111.

---

## ROSEKRANS *against* VAN ANTWERP.

A justice cannot permit a party to appear by attorney, from his own knowledge of the fact, that the party is absent at the time, and out of the county ; he must have *proof* of the fact.

IN *error*, on *certiorari*. The return stated, that *Van Antwerp* brought an action against *Rosekrans*. On the return of the summons, *Van Antwerp* appeared by attorney, being out of the county at the time, and which was known to the justice ; but no proof of it was made. The plaintiff below declared, that the defendant had sold him a set of harness, which he warranted to be well made, and averred that it was not well made, but useless, and also for money had and received to his use. The defendant pleaded *non assumpsit*, and also that the plaintiff had given him a receipt for 20 dollars, for a set of old harness, and 20 shillings costs, in full of all demands. The plaintiff replied, that the receipt was not genuine. The cause was tried before a jury, and the defendant being sick and unable to attend, appeared by attorney. The jury, after hearing

he evidence, gave a verdict for the plaintiff for 14 dollars; for which the justice gave judgment, to reverse which the present *certiorari* was brought. The cause was submitted to the court without argument.

*Per Curiam.* One principal objection to the proceedings in the case below is, that the justice admitted the plaintiff to appear by attorney, upon his own knowledge of the fact of his absence from the county; and at the different days to which the cause was adjourned, the same attorney appeared, as the plaintiff had not returned to the county. The statute on this subject (31 sess. c. 204.) declares, that it shall not be lawful for the justice to permit any person to appear and advocate in his court for any party, unless such party be prevented from attending, by reason of sickness or absence from the county, of which proof is to be made. The question is, whether the justice acted upon the requisite proof of the absence of the plaintiff below. He returns that the plaintiff was absent from the county, " to his certain knowledge." As this provision in the statute is a pretty rigorous restraint, of the common law right of every party to appear by attorney, and may operate, in many cases, most severely upon a party who is wholly unskilled in conducting a cause, or even in stating a case, we could wish that the *proviso* admitted of greater latitude of interpretation: But as the statute is explicit, that *proof* of the absence of the party must be made, before the attorney is to be admitted, the justice cannot act from his own knowledge, and call that knowledge proof. Such a principle would be dangerous, and is contrary to the decision of this court, in the case of *Burlingham* v. *Deyer*, (2 *Johns. Rep.* 189.) The proceedings on the part of the plaintiff below were, therefore, without authority, and contrary to law; and for this reason the judgment below must be reversed.

Judgment reversed.